**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICHOLAS J. GALLICCHIO, | : | Civil Action No. 10-0405 (SRC) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| MR. BONNER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Nicholas J. Gallicchio
355 Thomas Blvd., Apt. 9A
Orange, NJ 07050-4158

CHESLER, District Judge

Petitioner Nicholas J. Gallicchio, a former prisoner currently under parole supervision, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The named Respondents are Mr. Bonner and the Attorney General of the State of New Jersey.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Because it appears from a review of the Petition that Petitioner Nicholas J. Gallicchio is not entitled to issuance of the writ, this Court will order Petitioner to show cause why the Petition should not be dismissed as time-barred. See 28 U.S.C. § 2243.

## I. BACKGROUND

In December 1993, in the Superior Court of New Jersey, Law Division, Essex County, Petitioner was convicted of first-degree racketeering and second-degree theft by extortion. He was sentenced to an extended term of fifty years incarceration for the racketeering count and a concurrent term of seven years for the extortion offense. He is presently under parole supervision.

On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence.[2] On

---

[2] This procedural history is recited in State v. Gallicchio, 2008 WL 2404168 (N.J. Super. App.Div. June 16, 2008).

This Court will take judicial notice of the dockets of other courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

In addition, this Court notes that, pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

July 11, 1997, the Supreme Court of New Jersey denied certification. State v. Gallicchio, 151 N.J. 76 (1997).

On July 13, 1998, Petitioner filed his first state petition for post-conviction relief. The trial court denied that petition on October 30, 1998.

On October 28, 1999, Petitioner filed his second state petition for post-conviction relief, which was dismissed without prejudice on December 3, 2001. When the judge dismissed Petitioner's second state PCR petition on December 3, 2001, he stated that he intended to permit defendant's anticipated third petition to be filed nunc pro tunc. On March 21, 2000, Petitioner filed a third state PCR petition. Five years later, on July 22, 2005, assigned counsel filed an amended third PCR petition. Following argument, the trial court denied the third state PCR petition on the merits, on August 3, 2006. See State v. Gallicchio, 2008 WL 2404168, *1-2.

On appeal, Petitioner raised claims of ineffective assistance of trial and appellate counsel. The Appellate Division declined to consider the trial court's decision that the third PCR petition was time-barred. The Appellate Division did, however, determine that the claims asserted therein were procedurally barred under New Jersey Court Rules 3:22-4 and 3:22-5. In addition, the Appellate Division affirmed, on the merits, the trial court's denial of relief. See State v. Gallicchio,

2008 WL 2404168. On October 6, 2008, the Supreme Court of New Jersey denied certification. State v. Gallicchio, 196 N.J. 596 (2008).

This Petition, dated September 25, 2009,[3] was received in this Court on January 22, 2010. Here, Petitioner asserts claims of ineffective assistance of trial and appellate counsel, in violation of his rights under the Sixth and Fourteenth Amendments, as follows.

> Point 1 - TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO RAISE AND PURSUE THE ISSUE OF GRAND JURY TAIN ARISING FROM THE INFLAMMATORY, IRRELEVANT STATEMENT BEFORE THE GRAND JURY OF ALLEGED VICTIM GRIMALDI TO THE EFFECT THAT DEFENDANT WAS A "COP KILLER." ...
>
> Point 2 - APPELLATE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT FOR APPELLATE CONSIDERATION THE ISSUE OF CONTAMINATION OF THE GRAND JURY PROCESS AND TRIAL DEFENSE COUNSEL'S FAILURE TO CHALLENGE, IN THE CIRCUMSTANCES, THE INTEGRITY OF THE GRAND JURY PROCESS WHICH RESULTED IN THE INDICTMENT AGAINST DEFENDANT. ...
>
> Point 3 - TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO UNDERTAKE CROSS-EXAMINATION OF ALLEGED VICTIM GRIMALDI AND PRINCIPAL STATE WITNESS DETECTIVE DENNIS MASUCCI ON THE ISSUE OF THE ABSENCE OF A COMPLAINT OR REPORT CONCERNING GRIMALDI'S ALLEGATION OF VIOLENT CONFRONTATION WITH DEFENDANT IN CONNECTION WITH COLLECTION OF ILLICIT DEBT. ... CREDIBILITY OF THESE WITNESSES MATERIALLY IMPACTED THE VALIDITY OF

---

[3] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

```
              THE CHARGES ON WHICH DEFENDANT WAS CONVICTED,
              ...

Point 4 -     APPELLATE DEFENSE COUNSEL PROVIDED
              INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT
              FOR APPELLATE CONSIDERATION THE
              INEFFECTIVENESS OF TRIAL DEFENSE COUNSEL IN
              FAILING TO CONDUCT APPROPRIATE CROSS-
              EXAMINATION OF ALLEGED VICTIM GRIMALDI AND
              DETECTIVE DENNIS MASUCCI AS TO MATERIAL
              QUESTIONS OF FACT UNDERPINNING DEFENDANT'S
              CONVICTIONS FOR THEFT BY EXTORTION AND
              RACKETEERING. ...

Point 5 -     TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE
              ASSISTANCE IN FAILING TO SUMMON CATHY
              GALLICCHIO AS A WITNESS ON BEHALF OF
              DEFENDANT, NOTWITHSTANDING THAT TRIAL DEFENSE
              COUNSEL WAS AWARE THAT MS. GALICCHIO COULD
              PROVIDE INFORMATION EXCULPATORY OF DEFENDANT
              ON THE CHARGE OF THEFT Y EXTORTION ALLEGED
              AGAINST HIM. ...

Point 6 -     APPELLATE DEFENSE COUNSEL PROVIDED
              INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT
              FOR APPELLATE CONSIDERATION THE ISSUE OF
              TRIAL DEFENSE COUNSEL'S FAILURE TO SUMMON A
              DEFENSE WITNESS PIVOTAL TO DEFENDANT'S CASE.
              ...

Point 7 -     TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE
              ASSISTANCE IN FAILING TO TEST THE SUFFICIENCY
              OF THE STATE'S PROOFS WITH RESPECT TO CHARGES
              AGAINST DEFENDANT BY FILING A TIMELY MOTION
              FOR JUDGMENT OF ACQUITTAL. ...

Point 8 -     APPELLATE DEFENSE COUNSEL PROVIDED
              INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT
              FOR APPELLATE CONSIDERATION TRIAL DEFENSE
              COUNSEL'S INEFFECTIVENESS IN FAILING TO TEST
              THE STATE'S PROOFS AT TRIAL BY TIMELY MOTION
              FOR JUDGMENT OF ACQUITTAL ON BEHALF OF
              DEFENDANT. ...

Point 9 -     TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE
              ASSISTANCE IN FAILING TO TAKE TIMELY
              EXCEPTION TO THE TRIAL COURT'S CHARGE TO THE
              JURY ON THE ISSUE OF APPROPRIATE INSTRUCTIONS
```

>ON THE CRIME OF THEFT BY EXTORTION. TRIAL DEFENSE COUNSEL'S FAILURE REQUIRED THE ISSUE TO BE CONSIDERED ON THE "PLAIN ERROR" STANDARD TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT. ...

Point 10- APPELLATE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT FOR APPELLATE CONSIDERATION THE TRIAL COURT'S DENIAL OF TRIAL DEFENSE COUNSEL'S TIMELY MOTION FOR MISTRIAL ON THE STATE'S PRESENTATION OF "SURPRISE TESTIMONY" OF STATE'S WITNESS DAVID LEE. ...

Point 11- APPELLATE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO APPROPRIATELY "FRAME THE ISSUE" AS TO THE SUFFICIENCY OF THE EVIDENCE TO SUSTAIN DEFENDANT'S CONVICTION FOR THEFT BY EXTORTION. ...

(Petition, attached Index to Memorandum of Law.)

It appears that this Petition is untimely.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

6

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

Although it appears that this Petition is untimely, this Court will grant Petitioner an opportunity to show cause why the Petition should not be dismissed.

### III. ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[4] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[4] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

7

>   if the applicant was prevented from filing by such State action;
>
>   (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, all of Petitioner's claims were known to him by the time the judgment became final. Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Petitioner's direct appeal was concluded on July 11, 1997, when the Supreme Court of New Jersey denied certification. The

judgment became final, for purposes of § 2244(d)(1), ninety days later, on October 9, 1997. Thus, Petitioner was required to file his federal § 2254 habeas petition by October 9, 1998, unless the limitations period was statutorily or equitably tolled.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "<u>properly</u> filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly

9

filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of

Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner filed his first state PCR petition on July 13, 1998, after 276 days of the federal limitations period had lapsed, leaving 89 days remaining after the first state PCR

11

petition ceased to be "pending" on October 30, 1998. Thus, the federal limitations period expired on January 27, 1999, in the absence of some ground for further equitable or statutory tolling.[5]

Petitioner has alleged no facts that would suggest a ground for equitable tolling. Accordingly, the Petition, which is deemed filed on September 25, 2009, more than ten years after the federal limitations period expired on January 27, 1999, appears to be time-barred.

## IV.   CONCLUSION

For the reasons set forth above, it appears that the Petition is time-barred. Petitioner will be ordered to show cause why the Petition should not be dismissed. An appropriate order follows.

/s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge

Dated: 2/4/10

---

[5] Barring some ground for equitable tolling in the interim, the later state PCR petitions did not toll the federal limitations period, as they were filed after the federal limitations period had expired.