NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nicholas J. Gallicchio, | |
| Petitioner, | |
| | Civil Action No. 10-405 (SRC)(MAS) |
| v. | **OPINION AND ORDER** |
| Mr. Bonner, et al., | |
| Respondents. | |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court by way of Petitioner Nicholas J. Gallicchio's ("Petitioner") Application for Pro Bono Counsel. (Doc. No. 4.) For the reasons stated below, Petitioner's application is denied without prejudice.

## II. BACKGROUND

Petitioner is a former prisoner, currently under parole supervision. (Doc. No. 2 ("Opinion").) Petitioner has submitted a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ("Petition").) The Petition sets out eleven arguments of ineffective assistance of trial and appellate counsel in violation of his rights under the Sixth and Fourteenth Amendments.

An Opinion and Order to show cause were executed on February 2, 2010. In the Opinion, the Court notes that the Petition appears to be time-barred by 28 U.S.C. § 2244(d). As a result,

an order to show cause as to why the Petition should not be dismissed pursuant to 28 U.S.C. § 2243 was entered. (Doc. No. 3 ("Order").)

### III. LEGAL DISCUSSION

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the plaintiff's claim has some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron*, *supra*, 6 F.3d at 157).

As an initial matter, it does not appear that the Petition has merit, as it is likely time-barred. Pursuant to this Court's Opinion, under 28 U.S.C. § 2244(d), there is a one-year period of limitations for a writ of *habeas corpus* application. As stated in the Opinion,

> all of Petitioner's claims were known to him by the time the judgment became final. . . . Petitioner's direct appeal was concluded on July 11, 1997, when the Supreme Court of New Jersey denied certification. The judgment became final, for purposes of § 2244(d)(1), ninety days later, on October 9, 1997. Thus, Petitioner was required to file his federal § 2254 *habeas* petition by October 9, 1998, unless the limitations period was statutorily or equitably tolled.

(Opinion 8-9.) As to whether the limitations period was tolled, the Court stated:

> Here, Petitioner filed his first state PCR petition on July 13, 1998, after 276 days of the federal limitations period had lapsed, leaving 89 days remaining after the first state PCR petition ceased to be "pending" on October 30, 1998. Thus, the federal limitations period expired on January 27, 1999, in the absence of some ground for further equitable or statutory tolling. Petitioner has alleged no facts that would suggest a ground for equitable tolling. Accordingly, the Petition, which is deemed filed on September 25, 2009, more than ten years after the federal limitations period expired on January 27, 1999, appears to be time-barred.

The undersigned agrees with the Opinion's analysis and conclusion, and therefore, finds granting pro bono counsel at this point in time would be inappropriate.

Nonetheless, even assuming *arguendo* that Petitioner's claims were not time-barred, an analysis of the *Tabron* factors in this case reveals that appointment of pro bono counsel is not warranted. It is apparent from the Petition that the Petitioner is able to articulate his legal claims, as well as the facts and legal authority supporting such claims. (*See* Petition 8-11.) Petitioner has participated in several litigations and appeals relevant to the matter currently before this Court. The Petition itself is well-articulated, listing eleven points in support of Petitioner's claims. Also, Petitioner was able to adequately prepare his pro bono counsel application and even attached financial documents thereto. Moreover, the legal issues pertaining to the order to

show cause are straightforward, as the limitation period for a *habeas* petition is set forth clearly in 28 U.S.C. § 2244(d), as well as this Court's Opinion and Order related to same.

Next, to the extent that any factual investigation will be necessary in this case, the Petitioner is not currently incarcerated and the majority of the information germane to his arguments are a matter of public record. Also, it is highly unlikely that expert testimony or credibility determinations will be necessary or relevant to prove that the Petition is not time-barred, which is dispositive in this case. Should Petitioner successfully demonstrate cause as to why the Petition should not be dismissed, Petitioner may reapply for pro bono assistance, setting forth the necessary facts in support of the *Tabron* factors as to why appointment of counsel would be appropriate.

For the foregoing reasons, Petitioner's application for appointment of pro bono counsel is denied without prejudice.

## ORDER

**IT IS** on this **9th** day of **June, 2010,**

**ORDERED** that Petitioner Nicholas J. Gallicchio's Application for Pro Bono Counsel is **DENIED** without prejudice.

    /s Michael A. Shipp
**Michael A. Shipp**
**UNITED STATES MAGISTRATE JUDGE**